

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2008

# Church of the Univer v. L. Auchmoody

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Church of the Univer v. L. Auchmoody" (2008). *2008 Decisions.* Paper 347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4021
_____

CHURCH OF THE UNIVERSAL BROTHERHOOD,
CONFLUENT BRANCH NO. 33478;
BRUCE W. NILES; PATRICIA NILES,

Appellants

v.

FARMINGTON TOWNSHIP SUPERVISORS;
EDWARD BRALEY; CONRAD HULTMAN; MARVIN A. BERGSTROM;
DAVID ENOS; GERRY BLOOMGREN; JAMES R. PENLEY;
JUNE JONES; JAD BIRT; L. R. AUCHMOODY;
FARMINGTON TOWNSHIP SEWER AUTHORITY; TODD FANTASKEY;
LARRY KOPKO, SHERIFF OF WARREN COUNTY;
HONORABLE PAUL H. MILLIN; NORTHWEST ENGINEERING, INC;
HAROLD BLOOMGREN; RUSTY VAN EPPS, Individually
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00067)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before:  FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 20, 2008)
_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Plaintiffs Church of the Universal Brotherhood, Confluent Branch No. 33478, Bruce W. Niles, and Patricia Niles appeal the District Court's order dismissing their complaint for lack of subject matter jurisdiction. Plaintiffs assert a myriad of claims against various defendants, including agencies and employees of Farmington Township, Pennsylvania, stemming from a state-court condemnation proceeding involving the Church's property in Farmington Township. For the reasons that follow, we will affirm the District Court's order dismissing the case.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On November 13, 2000, Farmington Township filed a declaration of taking in the Court of Common Pleas of the Thirty-Seventh Judicial District, Warren County Division, seeking to condemn a right-of-way on the Church's property for the installation of sewer lines. The Township named the Church, among others, as a condemnee in the action, but did not name as condemnees either Bruce Niles, the pastor of the Church, or his wife, Patricia Niles.

The Church, which was represented by counsel, objected to the declaration of taking and filed a series of responsive documents, including an affidavit from Bruce Niles, contending that the condemnation would violate the constitutional rights of both Bruce Niles and the Church. The Court of Common Pleas overruled the Church's objections and, on October 10, 2001, entered an order granting the Township a right of entry to the Church's property. The Church appealed to the Commonwealth Court of Pennsylvania which, in an order dated May 21, 2002, affirmed the order of the Court of Common Pleas. The Church then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on December 17, 2002.

Over three years later, the Church, along with Bruce and Patricia Niles, filed this action before the United States District Court for the Western District of Pennsylvania. The crux of the plaintiffs' complaint is that the defendants, "either acting individually or in conspiracy," deprived plaintiffs of their constitutional rights, disturbed their quiet enjoyment of the land, and caused them emotional distress, first by condemning the right-of-way without awarding them just compensation, and again by entering and placing a sewer line on the Church's land. On September 11, 2007, the District Court, adopting the Magistrate Judge's Report and Recommendation as its own opinion, granted the defendants' motions to dismiss on the grounds that (1) Bruce and Patricia Niles lacked standing to assert claims involving property owned by the Church and (2) the *Rooker-*

3

*Feldman* doctrine prevented it from exercising subject matter jurisdiction over the plaintiffs' claims. This timely appeal followed.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 n.4 (3d Cir. 2008); *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In reviewing a facial attack, which addresses a deficiency in the pleadings, we must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. *Id.*; *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (2007)).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint (nor was the District Court)

4

and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. . . . [N]o presumptive truthfulness attaches to plaintiff's allegations." *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). The party asserting subject matter jurisdiction bears the burden of proving that it exists. *Id.*; *cf. Ballentine*, 486 F.3d at 810 ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### III.

### A.

The case-or-controversy requirement of Article III, § 2, of the Constitution is satisfied only where a plaintiff has standing. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2535 (2008). We have summarized the constitutional standing requirements as follows: (1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly

5

traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Ballentine*, 486 F.3d at 814. "In other words, the plaintiff must show that he or she personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and the injury must be concrete and capable of being redressed by the court should the plaintiff prevail on the merits." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188-89 (3d Cir. 2006). The Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Here, Bruce and Patricia Niles have failed to allege an injury in fact sufficient to satisfy their burden to establish standing. The complaint contains allegations that the property at issue in the state-court condemnation proceeding belongs to the Church, but contains no indication that either Bruce or Patricia Niles has any ownership interest in the Church or its property. Nor were the individual plaintiffs named in the condemnation action as owners of the property, an omission they had ample opportunity to correct, had it been erroneous, before the state court. Therefore, insofar as the plaintiffs' claims stem from either the condemnation proceeding or the actual installation of sewer lines on the Church's property, any potential injury in fact would have been suffered by the Church, and not by Bruce or Patricia Niles. Moreover, the individual plaintiffs cannot assert third-

6

party standing to bring the claims on the Church's behalf; the Church is a party to this action in its own right and, in order for a plaintiff "[t]o successfully assert third-party standing . . . the third party must face some obstacles that prevent it from pursuing its own claims." *Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003); *see Taliaferro*, 458 F.3d at 189 n.4.

Insofar as the complaint could be construed to raise claims based on conduct other than the condemnation proceeding or the installation of the sewer lines, the individual plaintiffs would still fail to meet their burden to establish standing. Plaintiffs have alleged no other factual basis for their claims except for their repeated contention that the defendants "perpetrated several acts, which infringed upon the constitutional rights of the Church plaintiff and the individuals named as plaintiffs." This generalized allegation is plainly insufficient to satisfy the Article III standing requirements, and the District Court did not err in holding that Bruce and Patricia Niles lacked standing to bring their claims. *Cf. Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) ("The litigant must clearly and specifically set forth facts sufficient to satisfy [the] Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.").

## B.

Likewise, we find no error in the District Court's conclusion that the *Rooker-Feldman* doctrine prevented it from exercising subject matter jurisdiction over the

7

Church's claims. The *Rooker-Feldman* doctrine, which takes its name from the Supreme

Court's opinions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that the lower

federal courts lack jurisdiction to review final state-court judgments. The doctrine "is

based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding

that the Supreme Court of the United States, and not the lower federal courts, has

jurisdiction to review a state court decision." *Parkview Assocs. P'ship v. City of*

*Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000). "Since Congress has never conferred a

similar power of review on the United States District Courts, the Supreme Court has

inferred that Congress did not intend to empower District Courts to review state court

decisions." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003).

The Supreme Court has underscored the narrowness of the *Rooker-Feldman*

doctrine, explicitly limiting its application to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* should not be conflated with preclusion law, and it "does not otherwise

override or supplant preclusion doctrine or augment the circumscribed doctrines that

allow federal courts to stay or dismiss proceedings in deference to state-court actions."

*Id.*

Here, the Church clearly "lost" the state-court condemnation proceeding years before the proceedings in the District Court commenced. And the Church complains of putative injuries caused by the state-court judgment: its complaint effectively seeks "compensatory damages, punitive damages, attorney's fees and costs of litigation" because the Court of Common Pleas allowed Farmington Township, in "conspiracy" with the defendants, to condemn the right-of-way and install the sewer lines on the Church's land. *Cf. Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."). Because a ruling that the Church was injured based on the condemnation of the right-of-way or the installation of the sewer lines on its land would have required the District Court to find that the order of the Court of Common Pleas was erroneous, the District Court correctly concluded that application of the *Rooker-Feldman* doctrine bars the Church's claims.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

9